**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

Xiamen Tingken Electronic Technology Co., Ltd. )
a/k/a NOONCRAZYPRO Store, )
)
Plaintiff, ) Civil Action No.
)
v. )
) Jury Trial Demanded
Bala Bangles, Inc., )
)
Defendant. )

**COMPLAINT**

Plaintiff Xiamen Tingken Electronic Technology Co., Ltd. a/k/a NOONCRAZYPRO Store ("Plaintiff") hereby amend its complaint against Defendant Bala Bangles, Inc. ("Defendant") (i) for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. that U.S. Design Patent No. D888,167 ("the 'D167 Patent," Exhibit 1) is not infringed by Plaintiff's products and that the 'D167 Patent is invalid over prior art references and that Defendant tortiously interfered with Plaintiff's business relationship with Amazon.

**THE PARTIES**

1. Plaintiff is a Chinese company with its principal place of business at Room 504, No. 47, Xilinxili, Siming District, Xiamen, Fujian Province, P.R. China 361000. Plaintiff operates an online store on the Amazon platform under the store name NOONCRAZYPRO Store, Amazon ID No. A2K5C3NHN1PGCA and Amazon ASINs of BOCRYZBNV3; BODDT8TLXT; BOCRYSY6GP; BODDT5WVGS; BODDT6W4JR; BOD45M9YHM; BOCRYXBCKJ; BOD459VYWR; BOD44TZ8PJ; BOD44V51SJ; BOD44TVLFC; BOCRYT3S82. Plaintiff sells its products, including weight bands to consumers in the U.S., including those in the State of New York.

2. On information and belief, Bala Bangles is incorporated in the State of Delaware, with regular and established places of business within this judicial district. Defendant used the ’D167 Patent to wrongfully lock down all ASINs listed in paragraph 1 and halted sales of Plaintiff’s products to consumers in the State of New York and continues to threaten further actions against Plaintiff.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 35 U.S.C. § 100, et seq.

4. This Court has personal jurisdiction over Defendant because Bala Bangles maintained regular and established places of business within the State of New York by selling its patented products through local Lowe’s stores. Additionally, Bala Bangles has established minimum contact with the State of New York for the Court to exercise personal jurisdiction by selling its patented products in the State of New York. Most importantly, the claimed invention in the ‘D167 Patent was conceived and reduced to practice in the State of New York.

5. Further Bala Bangles also committed wrongful acts to lockdown Plaintiff’s ASINs and stop sales of Plaintiff’s product in the State of New York for an extended period of time.

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Bala Bangles has a regular and established place of business in the State of New York and the alleged patent infringement occurred within the State of New York.

## FACTS

7. This case arises out of Defendants' assertion of the 'D167 Patent and continued threat to assert the 'D167 Patent to lockdown Plaintiff's ASINs and to stop Plaintiff's sales of weight bands which are substantially different from that of the 'D167 Patent in the United States, including the State of New York.

8. Specifically, the 'D167 Patent is directed to the design of a weight band with eight weight bars abutting each other in a sequence and each weight bar is decorated with rectangles on the top surface. The claimed weight band is shown below in Fig. 4 of the 'D167 Patent:



FIG. 4

9. Defendant sells the following patented weight band product.



10. To the contrary, Plaintiff sells completely different weight band with different decorative elements on the top surface and the side surfaces:



11. Specifically, the different decorative patterns include (i) the decorative multiple parallel lines on top surface and parts of the end surfaces of the Plaintiff's weight band which are not present in the claimed weight band; (ii) the gaps between bar #2 – bar #3 and bar #4 – bar #5; (iii) removable bars to make the weight band a one bar band or a ten bar band, making any 8-bar band an incidental event during the performance of a function of removing or adding bars to the band.

12. Indeed, the differences between the Plaintiff's weight bars and those claimed in the 'D167 Patent are confirmed by the Patent Examiner in the examination of the Plaintiff's patent, U.S. Patent No. D1,039,628, issued to Honghong Sun on August 20, 2024 ("the 'D628 Patent," Exhibit 2). Specifically, the Patent Examiner allowed the 'D628 Patent in view of the 'D167 Patent and the Plaintiff's weight bar is deemed to be patentably distinctive from that of the 'D167 Patent.

13. Moreover, any decorative elements of the claimed design in the 'D167 Patent have been known prior to its filing date. For example, Korean Design Registration 30-0934806 ("the 'KR806 Registration" Exhibit 3) disclosed nearly identical design pattern as shown below:



14. On May 12, 2025, Defendant filed a complaint against Plaintiff (Exhibit 4) based on the 'D167 Patent to lockdown Plaintiff's Amazon accounts for an extended period of time. The lockdown stopped Plaintiff's sales of storage boxes to customers in the United States,

including those in the State of New York. The lockdown was unjustified and caused substantial damages to the Plaintiff.

15. Defendant continued to threaten further actions against Plaintiff based on the ’D167 Patent.

16. Defendant’s action gave rise to Plaintiff’s right to take legal action for a declaratory judgment against the ’D167 Patent for noninfringement, invalidity and misuse because Defendant “impermissibly broadened the ‘physical or temporal’ scope of the patent grant with anticompetitive effect.” *Windsurfing Int’l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).

**<u>COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘D167 PATENT</u>**

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. Plaintiff’s products have completely different decorations from that of the ’D167 Patent.

19. The claimed weight band has all eight weight bars touching each other, as shown in Fig. 1 and Fig. 4 of the ’D167 Patent below.



FIG. 1



FIG. 4

20. Plaintiff’s weight band has completely different decorations on the top surface and the side surfaces, with multiple parallel lines across the top surface and into part of the end

surfaces. A direct comparison of the flat surfaces of the weight bar in the claimed design and that of the Plaintiff's weigh band in the table below further demonstrate the differences:

| | |
|---|---|
| The flat surface of the weight bars in the 'D167 Patent is decorated with two vertical lines and two horizontal lines. | The flat surface of the Plaintiff's weight bar is decorated with five vertical lines. |
|  |  |

21. Plaintiff's weight band also has gaps between adjacent weight bars, especially between bars #2 and #3 as well as bar # 4 and #5 counting from the left in the photos below.





22. As shown in Fig. 8 of the 'D167 Patent, the elastic band between the bars is a part of the claimed design to keep the eight bars close to each other. The stitching from the elastic band between the second and third bars and between the fourth and fifth bars creates a physical barrier between them, making it virtually impossible for those bars to be separated.

23. The elastic band further confirms that the claim of the ’D167 Patent requires that the eight bars must abut each other in a series and any gap in between bars would fall outside the scope of the claim.

24. Moreover, both ends of the weight bars in the claimed weight band design of the ’D167 Patent are decorated by one horizontal line and two vertical lines while the Plaintiff’s weight bar does not have such a feature and is mostly smooth with five parallel lines on half of the surface.

| The claimed feature at the end of the weight bars in the ’D167 Patent | The end of the Plaintiff’s weight bar |
| --- | --- |
|  |  |

25. An ordinary observer, given such attention as a purchaser usually gives, would easily see the substantial differences between the designs so as not to be induced to purchase the Plaintiff’s weight band  believing it to be substantially the same as the design protected in the ’D167 Patent .

26. Importantly, the Patent Examiner has determined that the patented weight bars upon which Plaintiff made its weight bar products is patentably distinctive from those of the ’D167 Patent.

27. *Arguendo*, if Defendant insists that Plaintiff's weight bar infringes the 'D167 Patent, then Defendant's weight bars would also infringe Plaintiff's 'D628 Patent for the same reason.

28. Therefore, Plaintiff's weight bands do not/cannot infringe any valid claim of the 'D167 Patent.

WHEREFORE, Plaintiff prays for a declaratory judgment against Defendant that Plaintiff's weight band products do not infringe any valid claim of the 'D167 Patent, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary.

## COUNT II. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Defendants knew that Plaintiff has been doing business on Amazon.com through its e-commerce store(s) under standard agreement between Amazon.com and its e-commerce stores.

31. Defendant also knew that Plaintiff has been selling its noninfringing weight bands to customers in the State of New York.

32. Defendant also knew that it is not a party to the Plaintiff-Amazon.com agreement and not a party to the Plaintiff-New York customers' agreements.

33. Defendants knowingly filed a frivolous complaint against Plaintiff to Amazon, alleging that Plaintiff's noninfringing weight bands infringed the 'D167 Patent claim.

34. Defendants knew that Plaintiff-Amazon agreement calls for closing the e-commerce stores upon third party allegations of patent infringement.

35. Defendants abused Amazon's store-closing process by filing frivolous claims for patent infringement against Plaintiff.

36. Defendants tortiously interfered with Plaintiff's business relationship with Amazon and Plaintiff's business relationship with customers in the State of New York, through their wrongful and malicious conducts and caused substantial damages to Plaintiff.

WHEREFORE, Plaintiff demands:

Money damages against Defendant for tortiously interfere with the contract between Plaintiff and Amazon, and between Plaintiff and its customers in New York, including lost sales, storage fees for unsold goods, shipping costs, handling fees, removal fees, the costs for this action; Punitive and exemplary damages; and any other relief the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated: April 26, 2026

*/s/ Lance Liu*

Lance Liu, Esq.
NY Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
(203)706-9536

**ATTORNEY FOR PLAINTIFF**