K&L GATES

June 30, 2026

Erik J. Halverson
Partner
Erik.Halverson@klgates.com

T +1 415 882 8238
F +1 415 882 8220

**Via ECF**
The Honorable Margo K. Brodie, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Xiamen Tingken Electronic Technology Co., Ltd. v. Bala Bangles, Inc.*
Case No. 1:26-cv-02481-MKB-LKE
Defendant's Request for Pre-Motion Conference

Dear Judge Brodie:

I write on behalf of Defendant Bala Bangles, Inc. ("Bala") in the above-referenced matter. Pursuant to Section 3(A)(i) of your Honor's Individual Practices and Rules, Bala Bangles requests a pre-motion conference in advance of Bala's anticipated motion to dismiss. Bala intends to move on three independent grounds: (1) dismissal of the entire Complaint for improper venue, or in the alternative, transfer to the Central District of California; (2) dismissal for lack of personal jurisdiction, and (3) dismissal of Count II for failure to state a claim under FRCP 12(b)(6).

## I. FRCP 12(b)(3) Motion to Dismiss for Improper Venue, or in the Alternative, Transfer to the Central District of California

Bala has no physical presence in New York and does not reside in New York. Ex. A, ¶¶ 4, 7. Plaintiff alleges venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Bala "has a regular and established place of business in the State of New York and the alleged patent infringement occurred within the State of New York." Dkt. No. 1 ¶ 6. Plaintiff has no basis to allege either. In patent infringement actions, venue is exclusively governed by § 1400(b), which is "narrower than general venue — and intentionally so." *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408, 2019 WL 418860, at *3 (E.D.N.Y. Feb. 1, 2019). A patent action may be brought only where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Neither requirement is met here and there is no factual basis to support either, such that the defect cannot be cured by amendment. Plaintiff cannot carry its burden of establishing that venue is proper in E.D.N.Y. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *CDx Diagnostic. Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-5669, 2018 WL 2388534, at *1 (S.D.N.Y. May 24, 2018).

Bala Resides in Delaware Not E.D.N.Y.

Bala is incorporated in Delaware, a fact that Plaintiff does not dispute. Dkt. No. 1 ¶ 2. Because a domestic corporation "resides" only in its state of incorporation for purposes of § 1400(b), the first basis for venue is not met. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017).

Bala Does Not Have a Regular and Established Place of Business in the E.D.N.Y.

Bala's offices are in Los Angeles, California, and Bala has no physical presence in the State of New York. Ex. A, ¶¶ 4, 6. The Complaint improperly alleges that "Bala Bangles maintained regular and established places of business within the State of New York by selling its patented products through local Lowe's stores." Dkt. No. 1 ¶ 4. This is legally incorrect.

The Federal Circuit[1] has held that three requirements must be met for a patent infringement defendant to have a "regular and established place of business" under § 1400(b): "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360. If any requirement is unsatisfied, venue is improper. All three fail here. Bala has no offices, employees, agents, or property anywhere in New York.[2] Plaintiff's singular allegation of Bala's presence in this District is based on Bala products being sold at "local Lowe's stores." Dkt. No. 1 ¶ 4. This is legally insufficient to establish proper venue. *In re Cray*, 871 F.3d at 1362-63 ("Relevant considerations [for determining the 'place of the defendant'] include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place."). *In re Cray* requires the place of business to be "the place of the defendant," not a third-party national retailer. *Id.* Nor does Bala own, lease, or control any physical location in this District. Ex. A, ¶¶ 4–12. Plaintiff's allegations do not satisfy § 1400(b).

Plaintiff's assertion that "the alleged patent infringement occurred within the State of New York" (Dkt. No. 1 ¶ 6) is irrelevant to venue, as any location of alleged infringement is not a basis for venue under controlling Supreme Court law. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262–63 (2017).

Finally, Plaintiff's fallback that "the claimed invention in the D167 Patent was conceived and reduced to practice in the State of New York" (Dkt. No. 1 ¶ 4), is similarly irrelevant and without factual support. Section 1400(b) asks only where the ***defendant*** resides or the ***defendant*** conducts business, not where inventors happened to live 8 years ago. Moreover, as of the filing of the complaint, both inventors did not live in New York. Ex. A, ¶ 12. Other than Plaintiff's attorney, there is no connection between this case and this jurisdiction. *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 245 (E.D.N.Y. 2021) ("[T]he convenience of counsel is not an appropriate factor to consider on a motion to transfer.").

In the event the Court declines to dismiss this action for improper venue, Bala requests transfer to C.D.C.A., where Bala's principal place of business is located. Ex. A, ¶ 4. Venue is clearly more convenient in C.D.C.A. Ex. A, ¶¶ 6–11.

To the extent Plaintiff argues that Bala's decision not to contest venue in a prior litigation between these parties, *Xiamen Tingken Electronic Technology Co., Ltd. v. Bala Bangles, Inc.*, No. 1:25-cv-03614-RER-LKE, constitutes a concession that venue in this District is generally proper, that argument fails as a matter of law. Venue is a case-specific procedural right—and it is waived

[1] The patent venue statute is unique to patent law, and therefore, Federal Circuit law applies. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

[2] Attached as Ex. A is a Declaration from Mr. Maximilian Kislevitz, Bala's co-founder, attesting to the facts about Bala summarized herein and which would be included with the Motion to Dismiss.

only in the specific action in which the objection is omitted. Fed. R. Civ. P. 12(h)(1); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939).

**II. FRCP 12(b)(2) E.D.N.Y. Has No Personal Jurisdiction Over Bala**

For similar reasons as outlined above, there is no personal jurisdiction over Bala. "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). There is no general jurisdiction over Bala, a California company with no New York presence. Ex. A, ¶¶ 4, 7. There is also no specific jurisdiction over Bala. Xiamen is not a New York-based company, and the APEX claim does not establish jurisdiction. *Cf. SnapRays, d/b/a SnapPower v. Lighting Defense Group*, 100 F.4th 1371 (Fed. Cir. 2024) (finding declaratory judgment jurisdiction existed in the DJ-plaintiff's home forum due to the existence of an APEX submission).

**III. FRCP 12(b)(6) Motion to Dismiss Count II**

To state a claim for tortious interference with business relations, Plaintiff must show that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's act injured the relationship." *Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19-CV-6095 (KAM) (RER), 2021 WL 1394284 (E.D.N.Y. Feb. 9, 2021); *Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015). Here, Plaintiff alleges only that Bala "knowingly filed a frivolous complaint" with Amazon. Dkt. No. 1 ¶ 33. That is a legal conclusion this Court need not credit. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bala holds the D167 Patent, and its good-faith submission of an infringement complaint to Amazon is "neither illegal nor tortious, especially when [it] possesses a patent registration and there is no indication that [it] knew the patent was invalid." *Sell Below Cost USA LLC*, 2021 WL 1394284, at *6. There is no allegation that there was any wrongful purpose in Bala's actions. Amazon designed the Apex takedown process in a manner that Plaintiff agreed to be subject to as a seller on Amazon. It is no fault of Bala's that Amazon adhered to its public terms and conditions.

Moreover, the Complaint does not even allege that any action by Bala caused the termination or disruption of Plaintiff's relationship with Amazon.com. Rather, the Complaint only alleges that Bala "knew" of the terms of Plaintiff's agreement with Amazon and submitted an infringement allegation, but the Complaint does not allege that Bala's submission caused Amazon.com to take any particular action, as opposed to Amazon acting independently. Dkt. No. 1 ¶¶ 33-34. Plaintiff has failed to allege that Bala's conduct caused any injury to the relationship between Plaintiff and Amazon.com. *See Fossil Grp., Inc. v. Angel Seller LLC*, 2021 WL 5409605, at *12 (E.D.N.Y. Aug. 27, 2021) (citing *Radiancy Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 328 (S.D.N.Y. 2014) ("[Defendant] does not allege in its Counterclaims that the actions taken by [plaintiff] caused the end of the business relationship that it enjoyed with ShopNBC.... Absent allegations that [plaintiff's] conduct caused the deterioration of the business relationship between [defendant] and ShopNBC, [defendant's] claim for tortious interference fails."). Count II should be dismissed.

In view of the above, Bala respectfully requests that the Court schedule a pre-motion conference at its earliest convenience.

Respectfully submitted,

*/s/ Erik J. Halverson*
Erik J. Halverson

*Counsel for Defendant Bala Bangles, Inc.*

cc: All Counsel of Record via ECF